UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUTHINADVERTISINGENFORCERS.COM,
aka Gerald Collette,

    Plaintiff,

v.                          Case No. 8:16-cv-2366-T-33JSS

DISH NETWORK, LLC, GODISH.COM,
LLC, INFINITYE SALES GROUP, LLC,
FRONTIER COMMUNICATIONS, INC.,
HUGHES NETWORK SYSTEMS, LLC,
and EARTHLINK, LLC,

    Defendants.
_____/

**ORDER**

Before the Court is pro se Plaintiff TruthInAdvertisingEnforcers.com's Second Amended Complaint. (Doc. # 48). The Court sua sponte strikes the complaint and directs Plaintiff to file a Third Amended Complaint as discussed below.

**Discussion**

On June 26, 2016, TruthInAdvertisingEnforcers.com, through its sole proprietor Gerald Collette, filed an action against Dish Network, L.L.C., GoDish.com, LLC, Infinity Sales Group, LLC, Frontier Communication Corporation, Charter Communications, Inc., Hughes Network Systems, LLC, and

1

Earthlink, LLC, alleging violations of various statutes, including the federal Racketeer Influenced and Corrupt Organizations (RICO) Act and the Florida RICO Act. (Doc. # 2). Defendant Infinity Sales Group timely removed the action to federal court. (Doc. # 1). Plaintiff filed its First Amended as a matter of course on August 25, 2016. (Doc. # 18).

On August 31, 2016, Plaintiff, whom the Court has preliminarily found may proceed pro se, filed a 50-page, 292 paragraph Second Amended Complaint against the Defendants. (Doc. # 48). The Second Amended Complaint contains a total of 128 causes of action, comprising 24 counts against the two 'Agency Defendants,' GoDish.com, LLC, and Infinity Sales Group, LLC, and 104 counts against the remaining 'Respondeat Superior Defendants.' (Id.) Under each count heading, Plaintiff "restates all the foregoing allegations," for a total of 35 incorporations of prior allegations by reference. (Id. at ¶¶ 55, 63, 70, 75, 80, 87, 92, 101, 106, 114, 119, 127, 132, 140, 148, 153, 161, 166, 171, 178, 183, 192, 197, 200, 205, 208, 211, 225, 233, 238, 246, 250, 258, 266, 274). The numerous counts and incorporations by reference of all the foregoing allegations make it difficult for defendants to

sift through irrelevant allegations to determine the nature of the claims against them.

Therefore, Plaintiff's Second Amended Complaint is a shotgun pleading of the type condemned on numerous occasions by the Eleventh Circuit. See Davis v. Coca-Cola Co., 516 F.3d 955, 979 n.54 (11th Cir. 2008)(collecting cases). The failure to identify claims with sufficient clarity constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir.2001). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293, 1295 at n.9 (11th Cir. 2002); Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief."). In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). A

defendant faced with such a complaint is not expected to frame a responsive pleading. Id.

"The Federal Rules of Civil Procedure, pertinent precedent, sound principles of litigation management, and fairness to the opposing party almost uniformly commend requiring a litigant to submit a complaint that is not a 'shotgun pleading' and that otherwise complies with the salutary rules of pleading." Stevens v. Barringer, No. 2:11-cv-697, 2013 U.S. Dist. LEXIS 251, at *4 (M.D. Fla. Jan. 2, 2013).

"The Court possesses the inherent authority, even if not requested by the opposing party, to demand a repleader sua sponte." Tomilson v. Wilkinson, No. 8:10-cv-854, 2010 U.S. Dist. LEXIS 141414, at *2 (M.D. Fla. Apr. 15, 2010). The Eleventh Circuit has recommended that, when faced with a shotgun pleading, a district court, acting on its own initiative, should require repleader. See, e.g., Lumley v. City of Dade City, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003)("Each count incorporates by reference the allegations of the preceding counts and thus includes allegations that are irrelevant to the cause(s) of action the count ostensibly states. . . . [We] suggest that, when faced with such a pleading, the district court, acting on its own initiative,

require a repleader."); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001)("district courts confronted by [shotgun] complaints have the inherent authority to demand repleader sua sponte.").

Although pro se, Plaintiff still must meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erikson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).

The Court concludes that the Second Amended Complaint must be dismissed as a shotgun complaint. Plaintiff is directed to file a Third Amended Complaint that is not a shotgun pleading on or before **September 12, 2016,** failing which, this case will be dismissed.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiff's Second Amended Complaint is stricken.

(2) Plaintiff is directed to file a Third Amended Complaint on or before **September 12, 2016**, failing which, this case will be dismissed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of August, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE