UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUTHINADVERTISINGENFORCERS.COM,

    Plaintiff,

v.                                  Case No. 8:16-cv-2366-T-33JSS

DISH NETWORK, LLC, GODISH.COM,
LLC, INFINITY SALES GROUP, LLC,
FRONTIER COMMUNICATIONS, INC.,
HUGHES NETWORK SYSTEMS, LLC,
and EARTHLINK, LLC,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendants EarthLink, LLC's Motion to Dismiss (Doc. # 86), Frontier Communication Corporation's Motion to Dismiss (Doc. # 88), Hughes Network Systems, LLC's Motion to Dismiss (Doc. # 89), Dish Network, LLC's Motion to Dismiss (Doc. # 90), Godish.com, LLC's Motion to Dismiss (Doc. # 91), and Charter Communications, Inc.'s Motion to Dismiss (Doc. # 92), all filed on October 3, 2016. Plaintiff TruthInAdvertisingEnforcers.com filed responses in opposition on November 3, 2016. (Doc. ## 106-111). For the

1

reasons that follow, the Court grants the Motions and remands the case to state court.

## I. Background

Pro se plaintiff TruthInAdvertisingEnforcers.com (Truth) is a website solely owned by Gerald Collette. (Doc. # 70 at ¶ 6). The Court has found that Truth, as a sole proprietorship, may proceed pro se. (Doc. # 27). Collette is a resident of Pasco County, Florida, and he received the advertisements at issue at his residence there. (Doc. # 70 at ¶¶ 6, 28).

Defendants include five internet service providers, whom Truth calls "Respondeat Superior Defendants," and two sales agents for those service providers, whom Truth calls "Agency Defendants." The five internet service provider Defendants are Dish Network, Frontier Communications, Charter Communications, Hughes Network Systems, and EarthLink. (Id. at ¶¶ 7, 10-13). The sales agent Defendants are Godish.com, and Infinity Sales Group. (Id. at ¶¶ 8-9).

Truth's claims concern a number of advertisements for high-speed internet services, which indicate that customers may purchase high-speed internet services from Defendants at lower prices than are actually available to consumers in Pasco County, such as Truth. (Id. at ¶¶ 28, 52). For example, Truth

asserts that an advertisement containing the following claim constituted "bait and switch" false advertising:

> HIGH SPEED INTERNET Starting at $19.99 month
> No Matter Where You Live! No TV Service Required!

(Id. at ¶ 17).

Truth asserts that it has received a number of such advertisements from the sales agent Defendants on behalf of the internet service provider Defendants. (Id. at ¶ 28). However, when Collette made two phone calls to inquire into these offers in July of 2016, he was told that the advertised bargain prices were unavailable in Pasco County. (Id. at ¶¶ 40-41). Truth does not allege that it purchased the higher-priced services it was offered during those phone calls.

Truth stipulates that "before responding to the Advertised Bargains, [it] recognized the possibility that the Advertised Bargains might not really be as they appeared, and that there might be one or more 'catches to them'" and that "the fine print in such advertisements . . . may have stated the fact of limited availability." (Id. at ¶¶ 44, 58). Nevertheless, Truth claims that it "responded to the Advertised Bargains in reliance on the possibility that the Advertised Bargains were real, with no catches." (Id. at ¶ 45). Thus, Truth "was harmed by the conduct" of Defendants

3

when it "failed to realize the benefit, from either Agent Defendant, of obtaining the expected Advertised Bargains." (Id. at ¶¶ 64-65). However, Truth admits that any "actual damages resulting from each of the causes of action set forth [] are de minimis." (Id. at ¶ 221).

Truth alleges that the sales agent Defendants knew the advertisements were misleading, but sent them to consumers like Truth to bait them into purchasing higher cost services. (Id. at ¶¶ 54-56). According to Truth, the internet service provider Defendants were negligent in hiring the sales agent Defendants and knew, or should have known, that these advertisements were misleading, but allowed them to be mailed in order to mislead potential customers. (Id. at ¶¶ 169-71, 219).

Truth, along with Collette and Diane Hansen, initiated this action pro se in the Sixth Judicial Circuit, in and for Pasco County, Florida, on July 26, 2016, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq., and Florida RICO, as well as various other state claims related to false advertising and conspiracy. (Doc. # 2). On August 18, 2016, Defendants removed the case to this Court. (Doc. # 1).

On August 25, 2016, Truth filed its First Amended Complaint, which removed all federal claims, and a Motion to remand. (Doc. ## 18-19). However, on August 30, 2016, Truth withdrew its Motion to remand. (Doc. # 46). Subsequently, on August 31, 2016, Truth, as sole Plaintiff, filed its Second Amended Complaint, which re-alleged the federal claims asserted in the original Complaint. (Doc. # 48). The Court struck the Second Amended Complaint as a shotgun pleading on August 31, 2016. (Doc. # 53).

Truth filed its Third Amended Complaint on September 2, 2016. (Doc. # 61). With the consent of all Defendants, Truth filed its forty-nine page Fourth Amended Complaint, which asserts a total of 128 causes of action against the Defendants on September 14, 2016. (Doc. # 70). Twenty-four causes of action are brought against the sales agent Defendants, Godish.com and Infinity. The remaining 104 causes of action are against the five internet service provider Defendants.

Six of the seven Defendants filed Motions to Dismiss on October 3, 2016. (Doc. ## 86, 88-92). Truth filed responses in opposition on November 3, 2016. (Doc. ## 106-111). The Motions are ripe for review.

## II. Legal Standard

### A. Rule 12(b)(1)

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is facial, as in the present case, the Court looks to the complaint to determine if the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(internal quotations and citations omitted). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion." Id.

### B. Rule 12(b)(6)

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th

6

Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Analysis

The Court construes pro se pleadings liberally and holds them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)(quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). This liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to

7

sustain an action." GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)(citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

Construing the Fourth Amended Complaint liberally, the Court finds that Truth lacks Article III standing to bring its claims, lacks statutory standing to bring its RICO claim, and cannot bring a civil claim under the other federal statutes upon which it relies. Thus, the case should be remanded to state court.

**A.   Standing**

Charter and Earthlink argue that Truth lacks standing to bring any of its claims because Truth has not alleged the existence of an injury in fact. (Doc. # 86 at 7; Doc. # 92 at 10). The Court agrees.

The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id.

8

The injury in fact requirement is the most important element. Id. An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). The injury must be "particularized," meaning it "must affect the plaintiff in a personal and individual way." Id. Additionally, the injury must be "concrete," meaning "it must actually exist." Id. The Supreme Court in Spokeo emphasized that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. at 1549.

Truth stipulates that its "actual damages resulting from each of the causes of action set forth [] are de minimis," and is seeking only punitive damages. (Doc. # 70 at ¶ 221). Although Truth states that it "was harmed by the conduct" of Defendants because it "failed to realize the benefit . . . of obtaining the expected Advertised Bargains," the Fourth Amended Complaint is devoid of allegations to support that Truth has incurred a concrete injury in fact. (Doc. # 70 at ¶¶ 64-65).

Truth does not allege that it purchased more expensive internet services after it was induced by the advertisements

9

to inquire about the advertised prices. Nor does Truth allege that its minimal actual damages comprised more than the failure to realize the benefit of the advertised prices. Rather, the injury appears to be that advertised lower prices for Defendants' services were not offered to Truth, which Truth alleges is a violation of various laws.

Essentially, Truth is alleging bare violations of false advertising laws by Defendants' advertisements. Cf. Braitberg v. Charter Commc'ns, Inc., 836 F.3d 925, 930 (8th Cir. 2016)(finding no Article III standing where the plaintiff consumer had alleged only that the defendant cable company "violated a duty to destroy personally identifiable information by retaining that information longer than the company should have kept it" without alleging that the information was disclosed or used in any way); Hancock v. Urban Outfitters, Inc., 830 F.3d 511, 514 (D.C. Cir. 2016) (dismissing consumer protection case for lack of standing and noting that plaintiffs "assert[ed] only a bare violation of the requirements of D.C. law in the course of their purchases"); Williams v. Purdue Pharm. Co., 297 F. Supp. 2d 171, 178 (D.D.C. 2003)(dismissing false advertising claim for lack of standing and stating that "[t]he invasion of a purely legal right without harm to the consumer — in this case, to

freedom from alleged false and misleading advertising — can be addressed through the administrative process").

The Court finds that Truth's failure to obtain the lowest price advertised in the high-speed internet advertisements, without being induced to purchase higher priced services by those advertisements, is not a concrete injury. It is merely the personal disappointment of Truth's expectations about the price it could pay for internet services. See Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury, 773 F.3d 243, 246 (11th Cir. 2014), cert. denied sub nom. Kawa Orthodontics, LLP v. Lew, 136 S. Ct. 64 (2015)("In short, Kawa's complaint alleges only a subjective perception that Treasury's delay caused it harm, which is insufficient to establish Article III standing."). Such an abstract injury is not enough. O'Shea v. Littleton, 414 U.S. 488, 494 (1974)("Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct.")(citation omitted).

Furthermore, the Court cannot hypothesize whether another injury that Truth has not alleged exists. Kawa Orthodontics, 773 F.3d at 246 (11th Cir. 2014)("We may not hypothesize or speculate about the existence of an injury

11

Kawa did not assert."); see also Wright Ins. Agency, Inc. v. Nationwide Mut. Fire Ins. Co., No. 8:15-cv-1857-T-33JSS, 2016 WL 1546536, at *4 (M.D. Fla. Apr. 15, 2016)("Plaintiffs allege no additional harm, economic or otherwise, resulting from Nationwide's alleged bad faith, and this Court may not speculate about an injury not asserted.").

### B. RICO Statutory Standing

The Fourth Amended Complaint also fails to establish the requisite statutory standing to bring a civil RICO claim. The federal civil RICO statute, 18 U.S.C. § 1962(c), makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006), abrogated on other grounds as recognized in Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 714–15 (11th Cir. 2014)(citations and quotations omitted). To assert a federal civil RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Id.

Additionally, to establish a civil RICO claim, a plaintiff must demonstrate that he or she has statutory standing, the requirements of which are set out in § 1964(c). Adell v. Macon Cty. Greyhound Park, Inc., 785 F. Supp. 2d 1226, 1237 (M.D. Ala. 2011)(citing Williams, 465 F.3d at 1282-83). These requirements are: "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1348 (11th Cir. 2016)(citing Williams, 465 F.3d at 1282-83). The Court reviews RICO statutory standing under Rule 12(b)(6). Adell, 785 F. Supp. 2d at 1237.

This statutory standing requirement exists so that "RICO is not expanded to provide a 'federal cause of action and treble damages to every tort plaintiff.'" Steele v. Hosp. Corp. of Am., 36 F.3d 69, 70 (9th Cir. 1994)(quotation omitted). Thus, "[t]he words 'business or property' are, in part, words of limitation." Grogan v. Platt, 835 F.2d 844, 846 (11th Cir. 1988). "Courts have excluded from the phrase's meaning '[i]njury to mere expectancy interests or to an "intangible property interest."'" Adell, 785 F. Supp. 2d at 1237 (quoting Price v. Pinnacle Brands, Inc., 138 F.3d 602, 607 (5th Cir. 1998)). "To demonstrate injury for RICO

13

purposes, plaintiffs must show proof of concrete financial loss." Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086-87 (9th Cir. 2002); see also Regions Bank v. J.R. Oil Co., 387 F.3d 721, 728 (8th Cir. 2004)(stating that "a showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest"(quoting Steele, 36 F.3d at 70)).

Here, Truth acknowledges that its damages are minimal and does not allege that it purchased any internet services from any Defendant as a result of the advertisements. Thus, the Fourth Amended Complaint does not allege a concrete financial loss. Rather, Truth states that the harm it suffered was the "fail[ure] to realize the benefit, from either Agent Defendant, of obtaining the expected Advertised Bargains." (Doc. # 70 at ¶ 64). Such an expectancy interest is insufficient to establish RICO standing. See, e.g., Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist., 786 F.3d 400, 409-10 (5th Cir. 2015)("[D]amage to a plaintiff's subjective expectations cannot form the basis of a RICO claim."); Keeton v. Gynecare Worldwide, No. 15-20442-CIV, 2016 WL 2753866, at *4 (S.D. Fla. Jan. 29, 2016), report and recommendation adopted, No. 15-20442-CIV, 2016 WL 2753667 (S.D. Fla. Mar. 31, 2016)(dismissing pro se RICO claim with

prejudice because the plaintiff "cannot, consistent with the requirements of Federal Rule of Civil Procedure 11, allege any facts that would convert the loss of her expectancy interest . . . into a RICO injury"). Thus, Truth has not established its statutory standing to bring a civil RICO claim.

C.  **Other Federal Statutory Claims**

Counts 13-17 of the Fourth Amended Complaint assert claims against the sales agent Defendants, Godish.com and Infinity, under the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), and 18 U.S.C. §§ 1341 and 1343. (Doc. # 70 at 25-27). However, there are no private rights of action under these statutes.

Only the Federal Trade Commission has the authority to enforce the Federal Trade Commission Act's provisions regarding unfair or deceptive practices. See Gomez v. Bank of Am. Corp., No. 8:15-cv-324-T-33EAJ, 2015 WL 667664, at *1 (M.D. Fla. Feb. 17, 2015)(dismissing 15 U.S.C. § 45(a) claim because "[t]he Federal Trade Commission Act does not create a private right of action")(citing Fulton v. Hecht, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978)); Sefa v. Kentucky, 510 F. App'x 435, 438 (6th Cir. 2013)(holding that plaintiff "cannot assert a claim under [a provision of the Act], which applies

15

to civil actions by the Federal Trade Commission for violations of rules and cease and desist orders respecting unfair or deceptive acts or practices").

Truth cannot bring civil claims for mail and wire fraud pursuant to 18 U.S.C. §§ 1341 and 1343, which are criminal statutes that do not create private rights of action. Austin v. Glob. Connection, 303 F. App'x 750, 752 (11th Cir. 2008)("The federal wire and mail fraud statutes are criminal statutes which do not provide for civil remedies.").

Additionally, the Fourth Amended Complaint includes Counts 8-99 against the internet service provider Defendants, asserting negligence and negligence per se claims under both 18 U.S.C. §§ 2 and 3, and Fla. Stat. §§ 777.011 and 777.03. To the extent that each count is based on federal law, Truth cannot state a claim because the federal statutes are criminal aiding and abetting and accessory after the fact statutes that do not provide a private cause of action. See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190-91 (1994)(finding no civil cause of action for violations of federal securities law exists under the aiding and abetting statute, § 2, and noting that the Court has been "quite reluctant to infer a private right of action from a criminal prohibition alone" and has refused to "infer a

16

private right of action from 'a bare criminal statute.'"); Hilow v. Rome City Sch. Dist., No. 6:14-CV-288, 2015 WL 893050, at *8 (N.D.N.Y. Mar. 2, 2015), appeal dismissed (May 18, 2015)(dismissing with prejudice civil claims brought under 18 U.S.C. § 3, regarding accessory after the fact liability, and 18 U.S.C. § 2, regarding liability for aiding and abetting because neither "of those statutes contain a private right of action").

Thus, Truth has failed to establish the Court's subject matter jurisdiction over these claims. See Gomez, 2015 WL 667664, at *2 ("The Court thus determines that the Complaint, as drafted, does not state a basis for the Court's exercise of jurisdiction over this matter.").

**IV. Conclusion**

As Truth lacks Article III standing, this Court lacks subject matter jurisdiction over the case. "Because this case was initially removed from state court, the proper remedy is remand to state court rather than the dismissal requested by [Defendants]." Wright Ins. Agency, 2016 WL 1546536, at *5 (citing McGee v. Solicitor Gen. of Richmond Cty., 727 F.3d 1322, 1325-26 (11th Cir. 2013)). The state court may address whether the Fourth Amended Complaint states claims that are

17

justiciable under Florida law. <u>Esteves v. SunTrust Banks, Inc.</u>, 615 F. App'x 632, 637 (11th Cir. 2015).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motions to Dismiss (Doc. ## 86, 88, 89, 90, 91, 92) are **GRANTED** as set forth herein;

(2) Due to a lack of subject matter jurisdiction, this action is **REMANDED** to the Sixth Judicial Circuit, in and for Pasco County, Florida;

(3) Once remand is effected, the Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of December, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

18